**UNITED STATES of America, Plaintiff,**

v.

**The BOEING COMPANY, a Delaware Corporation, et al., Defendants.**

**No. 5783.**

United States District Court
W. D. Washington, N. D.

Feb. 8, 1963.

Preliminary Injunction Amended
March 19, 1963.

Brockman Adams, U. S. Atty., Robert C. Williams, Asst. U. S. Atty., Seattle, Wash., Carl Eardley, Director of Litigation, Civil Div., Dept. of Justice, for plaintiff.

DeForest Perkins and J. David Andrews, of Holman, Marion, Black, Perkins & Coie, Seattle, Wash., for Boeing Co. and Rohr Corp., defendants.

John E. Hedrick, Seattle, Wash., Plato Papps, Washington, D. C., for International Ass'n of Machinists and United Auto. Workers, defendants.

Paul D. Jackson, Seattle, Wash., for International Union of United Weldors and Local 12, defendants.

LINDBERG, Chief Judge.

This action by the United States for an injunction under Section 208 of the Labor-Management Relations Act (29 U.S.C. § 178) was commenced on January 25, 1963, by the Attorney General at the direction of the President of the United States, by filing with this court an application for the issuance of a temporary restraining order pending a hearing on the government's motion for a preliminary injunction against a threatened strike, alleged to imperil the national

safety. The threatened strike which brought about this action arose out of labor disputes existing between the unions named as defendants herein, representing, among others, employees engaged in the ballistic missile, space vehicle and military aircraft industry, and the defendant employers, The Boeing Company and the Rohr Corporation. The application for a restraining order was supported by various exhibits, including a copy of the report of the Presidential Board of Inquiry, and affidavits of William E. Simkin, Director, Federal Mediation and Conciliation Service; Roswell L. Gilpatric, Deputy Secretary of Defense; and James E. Webb, Administrator, National Aeronautics & Space Administration.

A hearing was held on the application for temporary restraining order upon oral notice to the defendants, who all appeared by counsel and were heard. The court entered a temporary restraining order on January 25, 1963, enjoining the occurrence of the threatened strike.

A hearing was scheduled for February 1, 1963, on the motion for a preliminary injunction; affidavits and memoranda were filed, and argument was had. Certain defendant unions, while not opposing the issuance of a preliminary injunction, moved for entry of an order which differed in language and scope from the form of preliminary injunction proposed by the government and previously served upon the parties.

After argument, the court entered findings of fact and conclusions of law. The court found that on January 23, 1963, the President of the United States, acting under the provisions of Section 206 of the Labor-Management Relations Act (29 U.S.C. § 176) issued Executive Order 11078 whereby he found that the existing labor disputes among the defendants named herein threatened to result in a strike which would affect a substantial part of an industry engaged in trade, commerce and transportation among the several states and would imperil the national safety, and he appointed a Board of Inquiry to inquire into the issues involved in the disputes.

The Board of Inquiry inquired into the issues involved in the disputes and made a written report to the President on January 25, 1963, and the President thereafter directed the Attorney General to commence this proceeding for an injunction against the occurrence of the strike.

The court further found that a strike was threatened which would affect a substantial part of the ballistic missile, space vehicle and military aircraft industry of the United States, and, if permitted to occur, would imperil the national safety.

The court on February 1, 1963, issued a preliminary injunction in the form proposed by the government, enjoining the occurrence of the strike; directing the defendants to refrain from interfering with the orderly continuance of work in the affected installations; and directing them to engage in collective bargaining in good faith and to attempt to settle their differences.

This matter is now before the court upon motion made by certain defendant unions, and supported by the remaining defendant unions, moving the court to amend the preliminary injunction heretofore issued on February 1, 1963, by the addition of certain language to section 1(b) thereof. Section 1(b) provides, in pertinent part, that defendants are restrained "from in any manner interfering with or affecting the orderly resumption and continuance of work. * * *" in the affected installations. Defendant unions ask the court to add language which would require continuance of the work "at the same rates of pay, hours of labor and other terms and conditions of employment as were in effect immediately prior to January 25, 1963" and reference is made to certain collective bargaining agreements.

In this proceeding under section 208 of the Labor-Management Relations Act, as amended (29 U.S.C. § 178), relating to the issuance of national emergency injunctions, the power of the court is

limited to that which fulfills the purpose and policy of the statute, in accordance with the authority there granted to the court. Insofar as is here pertinent the basic purpose of these injunction provisions is to insure that when strikes or lockouts, existing or threatened, imperil the national safety industrial production which is vital to the national safety shall be resumed or continued for a limited time while further attempts are made to settle the underlying labor dispute. See United Steelworkers of America v. United States, 361 U.S. 39, 80 S.Ct. 1, 4 L.Ed.2d 12. It does not appear from the statute or the decided cases that such purpose necessarily contemplates imposition by court order of the terms of any existing or pre-existing collective bargaining agreement between the parties to the labor dispute, nor that the court has any concern with the matters in negotiation between the parties except insofar as they may be shown to interfere with that continuation of vital production which the statutory provisions are designed to effect or impede the collective bargaining between the parties.

Affidavits have been filed herein which tend to show that written agreements extending the terms of collective bargaining agreements between the defendant Boeing Company and the defendant International Association of Machinists unions and between the Vertol Division of the Boeing Company and the defendant United Automobile Workers unions have expired by the terms of the agreements; whereas it appears from the affidavits filed that agreements between the Rohr Company and certain of the defendant unions have not yet expired according to their terms.

However, in the exercise of the court's limited jurisdiction herein and in view of the limited purpose of the applicable statutory provisions, the court does not believe that it is appropriate or advisable to make a determination of the legal positions of the various defendants in regard to their collective bargaining agreements.

There is nothing in the showing here made to suggest that either of the defendant employers has evidenced any intention to discontinue policies, procedures and conditions of employment established under existing or pre-existing contracts, with the exception of the union security provisions of the agreements, referred to as maintenance of membership provisions. There is no evidence that the Rohr Company is not observing the terms of collective bargaining agreements made by the parties, nor that the Boeing Company, with the exception noted, has made or intends to make unilateral changes in existing wages, hours, and working conditions during the collective bargaining negotiations now in progress. It has been held that unilateral modifications of working conditions, while such conditions are the subject of collective bargaining talks, may and usually do constitute an unfair labor practice. National Labor Relations Board v. Katz, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed.2d 230. Such unilateral actions, if they should occur, would invoke the primary jurisdiction of the National Labor Relations Board. If at some future time a situation should develop wherein either bargaining party considers the other bargaining party to be guilty of an unfair labor practice resort may be had to the National Labor Relations Board for a determination of what relief, if any, may be indicated; or resort may be had to this court if the preliminary injunction is being violated. I am not persuaded that Congress intended to oust the National Labor Relations Board of its primary jurisdiction and responsibility through the enactment of the national emergency provisions.

In regard to the union security provisions of the collective bargaining agreements which require maintenance of union membership as a condition of employment for those employees who are members of the union in good standing on a specified date, the Boeing Company has taken the position that the bargaining agreements have expired by their

terms and, in the absence of an existing contractual obligation to enforce the union security provisions, the company is not at liberty to continue in effect the contractual provisions which require discharge of employees who do not maintain their membership in the union. The company expresses its belief that to do so would violate the Act and bases its position on the statutory language contained in Section 7 of the Act (29 U.S.C. § 157) pertaining to rights of individual employees, upon Sections 8(a) (3) and 8(a) (1) (29 U.S.C. § 158), and upon the interpretation of these statutory provisions by decisions of the National Labor Relations Board and the courts. National Labor Relations Board v. International Union, United Auto, Aircraft Agricultural Implement Workers (1 Cir., 1961) 297 F.2d 272; Communications Workers of America, CIO v. National Labor Relations Board (2 Cir., 1954) 215 F.2d 835; Bethlehem Steel Company and Bethlehem-Sparrows Point Shipyard, Inc. and Industrial Union of Marine & Shipbuilding Workers of America, 136 N.L.R.B. No. 135. The position taken by the company finds support in the cited cases. The sections of the statute relied on by Boeing have not been shown to be inapplicable in proceedings under Section 208 of the Act (29 U.S.C. § 178).

It is not the function of this court in this type of proceeding to determine the correctness or incorrectness of the company's evaluation of its legal position in connection with union security provisions of a pre-existing bargaining agreement unless it should clearly appear that failure to abide by the maintenance of membership provisions has created conditions which constitute a material interference or threatened interference with the overall purposes of the injunction such as to make appropriate some amendment of the language of the preliminary injunction.

The case of Seafarers International Union of North America v. United States, 9 Cir., 304 F.2d 437, upon which the defendant unions rely involved a supplementary order issued by the court in a situation arising out of the distinctive method of procedure of employment associated with the shipping industry, an order found necessary in that situation in order to effectuate the basic purpose of the injunction to assure continuance of vital shipping operations. The case is not authority for an amendment or supplementary order affecting the legal or bargaining positions of the disputants vis-à-vis each other, and affecting the rights of individual employees, in the absence of some showing of the appropriateness or necessity of the order or amendment in the public interest.

No showing has been made that the operations at the plants involved are not proceeding at full production or that the mandates of the injunction are not being met and observed.

I find that the affidavits filed herein and the arguments advanced have not shown the existence of conditions which would necessitate or render appropriate the requested amendment of the preliminary injunction heretofore entered.

However, it does appear from the affidavits submitted that Boeing has, upon advice of counsel, informed employees, as inquiries have been made, that the union security requirements of the collective bargaining agreement could not be enforced after January 15, 1963. The defendant unions are fearful that this action may serve to discourage continued union membership and/or payment of dues. It is unquestioned that the issue of union security is one of the principal issues in dispute as between the parties and this action on the part of the company may well serve to disrupt and interfere with the collective bargaining progress of the parties. Such action as well as its counterpart by the unions should be discontinued. Paragraph 4 of the preliminary injunction will be amended to read as follows:

"All defendants are hereby directed to engage in free collective bargaining in good faith for the purpose of resolving their disputes

and to make every effort to adjust and settle their differences.

"That each defendant and their officers, directors, boards, agents, servants, employees, members, and all persons in active concert or participation with them, or any of them, are hereby restrained from in any manner advising members of defendant unions concerning their rights to continue or discontinue their union membership following expiration dates of collective bargaining contracts heretofore entered into or written extensions thereof, pending written agreement between the parties or until such time as the National Labor Relations Board may make a determination concerning the status of such agreements as they may affect the parties thereto further order of the court; * * *"

The motion to amend the preliminary injunction except as herein provided is denied.

With regard to the application of the International Union of United Weldors and Local No. 12, International Union of United Weldors, for their dismissal as defendants herein, the court, in reliance on the report of the President's Board of Inquiry dated January 25, 1963, has heretofore made findings to the effect that all the defendants named herein are involved in the labor disputes out of which there developed the threat of a strike found to pose a threat to the national safety, thereby invoking the jurisdiction of this court under 29 U.S.C. § 178. It has not been shown to the satisfaction of the court that the inclusion of the defendant Weldors Unions along with other named defendants as parties to the labor disputes involved herein was erroneous. I therefore find that said unions are properly joined as defendants herein and the application for dismissal is denied.

An order in accordance herewith may be presented this afternoon.

ORDER AMENDING PRELIMINARY INJUNCTION OF FEBRUARY 1, 1963.

Heretofore, on February 8, 1963, this court entered an order denying defendants, International Association of Machinists, et al., motion to amend but amending the preliminary injunction of February 1, 1963, in other respects as appears in the amended preliminary injunction entered February 8, 1963. Thereafter said defendants appealed said order to the United States Court of Appeals for the Ninth Circuit and said Court of Appeals on March 15, 1963, vacated said order of February 8, 1963 and remanded the cause with directions to amend the preliminary injunction in accordance with the opinion of that court, which opinion, including the concurring and dissenting opinion of Judge Jertberg, follows:

"PER CURIAM:

"1. We are satisfied that the District Court was in error in concluding that it was without jurisdiction to amend the preliminary injunction in the manner sought by the appellants' motion.

"2. Under the rationale of this Court's decision in Seafarers International Union of North America v. United States, [9 Cir.] 304 F.2d 437 (1962), an injunction issued under Section 208 of the Labor Management Relations Act of 1947, 29 U.S. C. § 178, should normally require maintenance of the status quo existing when the dispute arose, that is, in the usual case, a continuance of the terms and conditions of the pre-existing contract. We have no doubt that the District Court has discretion to permit departure from those terms and conditions upon a showing that such a departure is appropriate to accomplish the purposes of the Act. But any such departure must be justified by the party who proposes it, and the burden is necessarily a heavy one.

"3. The order appealed from is vacated and the cause remanded to the District Court with directions to amend the preliminary injunction in accordance with this decision.

"4. The judgment shall issue forthwith.

"POPE and
"BROWNING,
"Circuit Judges, concur.
"JERTBERG, Circuit Judge (concurring and dissenting).

"I agree with the majority opinion that the District Court was in error in concluding that it was without jurisdiction to amend the preliminary injunction in the manner sought by the appellants' motion.

"I further agree that the order appealed from should be vacated and the cause remanded to the District Court.

"I dissent from that portion of the majority opinion which holds that it is mandatory upon the District judge to include in the preliminary injunction the provisions included in the appellants' motion.

"I would remand the cause to the District Court for reconsideration on the present record or, as supplemented by further evidence, the appropriateness of the inclusion in the preliminary injunction of the provisions contained in appellants' motion."

While this court (with due deference to the decision of the Court of Appeals) made no finding or conclusion that it was without jurisdiction to amend the preliminary injunction in the manner sought by defendants' motion but denied said motion upon the ground that the requested change was not appropriate or necessary upon the factual showing made to accomplish or effectuate the purposes of the national emergency injunction earlier issued as contemplated under the provisions of Section 208 of the Labor-Management Relations Act (29 U.S.C. § 178); and further denied the motion upon the belief that in view of the legal issues raised by the parties relief from any possible unfair labor practice might better be obtained upon application to the National Labor Relations Board; or from this court upon a showing of a violation of the injunction; nevertheless, this court's interpretation of the Court of Appeals' mandate and opinion is that the preliminary injunction heretofore entered be amended without further hearing or findings in accordance with the terms of the motion of the defendant unions.

NOW, THEREFORE, this court makes the following order amending the preliminary injunction heretofore entered by this court on February 1, 1963, to provide as follows:

1. That each defendant and their officers, directors, boards, agents, servants, employees, members, and all persons in active concert or participation with them, or any of them, are hereby restrained (a) from in any manner continuing, encouraging, ordering, aiding, engaging or taking part in a strike or lockout in any installation owned or operated by defendant corporations affecting the ballistic missile, space vehicle, and military aircraft industry of the United States, or (b) from in any manner interfering with or affecting the orderly resumption and continuance of work in said installations *at the same rates of pay, hours of labor and other terms and conditions of employment as were in effect immediately prior to January 25, 1963 as expressed in the terms and provisions of the following Collective Bargaining Agreements: Collective Bargaining Agreement between Boeing Airplane Company, Seattle, Washington and International Association of Machinists, AFL–CIO, effective August 11, 1960; Production and Maintenance Agreement between Vertol Division, Boeing Airplane Company and International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW AFL–CIO) and its Local No. 1069, effective 26 September 1960; and Agreement between Rohr Corporation, Auburn, Washington*

*and International Association of Machinists Local Lodge 2068, AFL–CIO, effective August 18, 1960; subject to such modifications as defendants may agree upon* [1] and from taking any action which would interfere with this Court's jurisdiction in the premises.

2. That the members of defendants International Association of Machinists, AFL–CIO; District Lodge No. 751, International Association of Machinists, AFL–CIO; District Lodge No. 70, International Association of Machinists, AFL–CIO; Local Lodge No. 2061, International Association of Machinists, AFL–CIO; Local Lodge No. 2086, International Association of Machinists, AFL–CIO; United Automobile, Aerospace, and Agriculture Implement Workers of America, AFL–CIO; Local Union No. 1069, United Automobile, Aerospace, and Agriculture Implement Workers of America, AFL–CIO; and International Union of United Weldors (Independent); and Local No. 12, International Union of United Weldors (Independent), acting in concert, be and they are, hereby restrained from in any manner continuing, encouraging, ordering, aiding, engaging or taking any part in a strike in any installations owned or operated by defendant corporations affecting the ballistic missile, space vehicle and military aircraft industry, or from in any manner interfering with or affecting the orderly resumption and continuance of work in said plants, and from taking any action which would interfere with this Court's jurisdiction in the premises or which would impede or interfere with due observance of and compliance with this order; provided however, that nothing in this paragraph shall be construed to require an individual employee to render labor or service without his consent nor to make the quitting of his labor or service by an individual employee an illegal act.

3. That the defendants International Association of Machinists, AFL–CIO; District Lodge No. 751, International Association of Machinists, AFL–CIO; District Lodge No. 70, International Association of Machinists, AFL–CIO; Local Lodge No. 2061, International Association of Machinists, AFL–CIO; United Automobile, Aerospace, and Agriculture Implement Workers of America, AFL–CIO; Local Union No. 1069, United Automobile, Aerospace, and Agriculture Implement Workers of America, AFL–CIO; International Union of United Weldors (Independent); and Local No. 12, International Union of United Weldors (Independent), and their respective appropriate officers, agents, servants, and employees are hereby directed (a) to instruct immediately all their respective members employed in any installations of defendant corporations to resume their normal employment, and (b) to take all action which may be necessary to insure that such instructions are carried out, and (c) to give notice forthwith to their respective members of the terms of this order by posting a copy of said order at their respective international, district, and/or local headquarters. Such posting will be deemed to constitute notice of said order to all members of the respective defendants.

4. All defendants are hereby directed to engage in free collective bargaining in good faith for the purpose of resolving their disputes and to make every effort to adjust and settle their differences.

5. This injunction shall remain in full force and effect until the further order of this Court. The Court retains jurisdiction for the purpose of granting such other and further relief as may be necessary, and of making such further and additional orders as may be required; and for all purposes authorized and empowered by the laws and statutes of the United States of America under which this suit has been filed.

---

1. The italicized language is the only change from the preliminary injunction as submitted by the plaintiff and entered by the court on February 1, 1962